IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| VIRJINIA MORALES | § |
| | § |
| Plaintiff, | § |
| | §  CIVIL ACTION NO. _____ |
| v. | § |
| | § |
| WALMART, INC. | § |
| | § |
| | § |
| Defendant. | § |

## DEFENDANT'S NOTICE OF REMOVAL

WALMART, INC. ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

### I.
### INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, et seq., this civil action is removed from the 2nd Judicial District Court of Cherokee County, Texas, where this matter was pending under Cause No. 2023080298 in a matter styled *Virjinia Morales v. Walmart, Inc.,* (the "State Court Action").

### II.
### NATURE OF THE SUIT

2. Plaintiff has sued Defendant alleging Premises Liability and Negligence causes of action.

### III.
### TIMELINESS OF REMOVAL

3. Plaintiff commenced this lawsuit by filing her Original Petition on August 8, 2023. Defendant was served on August 14, 2023, through its agent, CT Corporation System.

4. Defendant now timely files this Notice of Removal within thirty (30) days after it was served. 28 U.S.C. § 1446.

## IV.
## BASIS FOR REMOVAL JURISDICTION

5. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. An individual natural person is domiciled, and therefore a citizen, where he or she has his or her true, fixed, and permanent home. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

7. At the time of the filing of this Petition, Plaintiff was, and still is, a citizen of Texas. Paragraph 2 of Plaintiff's Original Petition states that Plaintiff is a resident of Anderson County, Texas.

8. Plaintiff sued Walmart, Inc. Defendant Walmart, Inc. is now and was at the time of filing of this action an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Therefore, Walmart Inc. is a citizen of Delaware and Arkansas. *Id.* at 314.

9. Accordingly, for diversity purposes, Defendant Walmart, Inc. is a citizen of Delaware and Arkansas.

10. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Walmart, Inc. pursuant to 28 U.S.C. § 1332.

11. In Paragraph 11 of Plaintiff's Original Petition, Plaintiff states that she seeks monetary relief over $250,000.00 but not more than $1,000,000.00. Thus, based on all information currently known by or available to Defendant, Plaintiff's pleadings admit that the amount in controversy exceeds the jurisdictional minimum for removal to this Court.

## V.
## THIS NOTICE IS PROCEDURALLY CORRECT

12. Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant Walmart, Inc. in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs as specifically plead in the Original Petition.

13. Defendant has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81 as follows:

   A. Docket Sheet in the State Court Action.
   B. Copies of all process, pleadings and orders filed in State Court.
   C. Completed Civil Cover Sheet and attachment with list of parties, attorneys of record, record of which parties have requested jury trial, and the name and address of court form which the case was removed.

14. Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

15. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 2nd Judicial District Court of Cherokee County, Texas, where this matter was pending under Cause No. 2023080298 in a matter styled *Virjinia Morales v. Walmart, Inc.*

16. A jury trial has been demanded by Defendant in the State Court Action.

17. Trial has not commenced in the 2nd Judicial District Court of Cherokee County, Texas.

## VI.
## CONCLUSION

18. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the 2nd Judicial District Court of Cherokee County, Texas, to the United States District Court for the Eastern District of Texas, Tyler Division.

**WHEREFORE,** Defendant Walmart, Inc. files this Notice of Removal pursuant to and in conformance with the statutory requirements, removes this action from the 2nd Judicial District Court of Cherokee County, Texas.

Respectfully submitted,

By:     */s/ Jessica M. LaRue*
**Edward L. Merritt**
Tex. Bar No. 13967400
emerritt@harbourlaw.com
**Jessica M. LaRue**
Tex. Bar No. 24076019
jessica@harbourlaw.com
**HARBOUR, SMITH, HARRIS & MERRITT, P.C.**
1125 Judson Road, Suite 106 (75601)
P.O. Drawer 2072
Longview, Texas 75606
Telephone: 903-757-4001
Facsimile: 903-753-5123
**Attorneys for Defendant**

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the above instrument was electronically filed with the Court's e-filing system and a copy served thereby on all counsel of record this 13th day of September, 2023.

                                                */s/ Jessica M. LaRue*
                                          JESSICA M. LaRUE